ARTHUR J. CASEY [SBN. 123273]
 ajc@robinsonwood.com
DONALD P. GAGLIARDI [SBN. 138979]
 dpg@robinsonwood.com
ROBINSON & WOOD, INC.
227 N 1st Street
San Jose, California 95113
Telephone:   (408) 298-7120
Facsimile:    (408) 298-0477

PETER J. GLEEKEL [Pro Hac Vice – Application Pending]
LARSON ♦ KING, LLP
30 East Seventh Street, Suite 2800
St Paul, MN 55101
Telephone: (651) 312-6543
Facsimile:   (651) 312-6618

Attorneys for Plaintiff
FIREPOWER MARKETING, INC. dba
ROYALTY REWARDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIREPOWER MARKETING, INC. dba ROYALTY REWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>VARINODE, INC. fka ROYALNOTE, INC.,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR:<br><br>(1) Trademark Infringement of a Registered Mark, Lanham Act § 31, 15 U.S.C. § 1114;<br><br>(2) Federal Unfair Competition Lanham Act § 43(a), 15 U.S.C. § 1125(a);<br><br>(3) Common Law Trademark Infringement; and<br><br>(4) Unfair Business Practice & Competition Under Cal. Bus. & Prof. Code § 17200, *et seq.* |

COMES NOW Firepower Marketing, Inc. d/b/a Royalty Rewards ("Firepower") as and for its Complaint against Varinode, Inc. f/k/a RoyalNote, Inc. ("Defendant"), states and alleges as follows:

1

COMPLAINT

## PARTIES

1. Firepower is a Washington corporation having its principal place of business at 1124 Fir Avenue, Suite 161, Blaine, WA 98230.

2. Defendant is a Delaware corporation having its principal place of business at 800 N. 8th Street, Unit 133, San Jose, CA 95112.

3. Upon information and belief, at times relevant to this matter Defendant conducted business as RoyalNote, Inc. but, at some point in time unknown to Firepower changed its name to Varinode, Inc. In the alternative, upon information and belief, Varinode, Inc. has done business as RoyalNote, Inc. or RoyalNote, Inc. has done business as Varinode, Inc.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to Lanham Act § 39, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338, and 1367. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and California Common Law.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located with this judicial district.

## FACTS

6. Since at least as early as May 17, 2005, Firepower has licensed its proprietary purchase incentive rewards program to businesses in various industries including the restaurant industry under its ROYALTY REWARDS® mark. Firepower has spent and continues to spend a significant amount of time, money, and effort in promoting its distinctive ROYALTY REWARDS® trademarks throughout the United States. Indeed, there are about 2 million customer loyalty cards that bear Firepower Marketing's ROYALTY REWARDS® mark in circulation. Firepower enjoys an excellent reputation and enormous goodwill in the terms ROYALTY REWARDS® that identify, distinguish, and indicate Firepower as the source of its customer loyalty program.

2

COMPLAINT

7. Firepower is the record owner of four United States Trademark Registrations:

- ROYALTY REWARDS® for "providing a purchase incentive reward program to promote the sale of products or services of others" (U.S. Registration No. 3,843,965);

- ROYALTY REWARDS MAGIC WAND® for a "bar code scanner" (U.S. Registration No. 3,771,465);

-  ® for "providing a purchase incentive reward program to promote the sale of products or services of others" (U.S. Registration No. 3,947,489); and

-  ® for "providing a purchase incentive reward program to promote the sale of products or services of others" (U.S. Registration No. 3,947,726).

8. On August 21, 2012, Defendant filed, under the name RoyalNote, Inc., a use based service mark application with the United States Patent and Trademark Office ("USPTO") for the mark ROYALNOTE in connection with "Advertising and marketing services, namely, promoting the goods and services of others; conducting business and market research surveys." (Application Serial No. 85/709,443) (the "ROYALNOTE Application").

COMPLAINT

9.   Defendant is using the ROYALNOTE mark in commerce without Firepower's consent in, at least, the following manner on its website:

*Royal Note*

10.   Upon information and belief, Defendant cannot claim a date of first use prior to September 10, 2010 for the ROYALNOTE mark.

11.   Upon information and belief, Defendant cannot claim a date of first use in commerce prior to September 10, 2010 for the ROYALNOTE mark.

12.   Firepower's ROYALTY REWARDS®, ROYALTY REWARDS MAGIC WAND®, AND ROYALTY REWARDS & Design® marks were used in commerce prior to September 10, 2010.

13.   Firepower's ROYALTY REWARDS® and ROYALTY REWARDS MAGIC WAND® marks were registered on the Principal Register prior to September 10, 2010.

14.   Firepower has priority to use its ROYALTY REWARDS®, ROYALTY REWARDS MAGIC WAND®, AND ROYALTY REWARDS & Design® marks.

15.   The ROYALNOTE mark closely resembles Firepower's ROYALTY REWARDS®, ROYALTY REWARDS MAGIC WAND®, and ROYALTY REWARDS & Design® marks because it completely incorporates the ROYAL term from Firepower's ROYALTY REWARDS® mark.

16.   The ROYALNOTE mark and the ROYALTY REWARDS®, ROYALTY REWARDS MAGIC WAND®, and ROYALTY REWARDS & Design® marks all contain the term ROYAL.

17.   The USPTO assigned Design Search Code 24.11.02 for "Crowns open at the top" to the ROYALTY REWARDS Applications.

18.   The applications for the ROYALTY REWARDS & Design® marks were filed before September 10, 2010.

COMPLAINT

19. Defendant uses the image of a crown in connection with the ROYALNOTE mark that is virtually identical to the crown used in the ROYALTY REWARDS & Design® marks.

20. Upon information and belief, the term ROYAL is the dominant term in both the ROYALNOTE mark and ROYALTY REWARDS® mark and ROYALTY REWARDS & Design® marks.

21. The ROYALNOTE mark and the ROYALTY REWARDS®, ROYALTY REWARDS MAGIC WAND®, and ROYALTY REWARDS & Design® marks all have the same meaning; namely, power, status, or authority.

22. Firepower and Defendant both promote the goods and services of others.

23. Upon information and belief, Firepower and Defendant have overlapping channels of trade.

24. Defendant's use of the ROYALNOTE mark on or in connection with the services described in the ROYALNOTE Application and in use by Defendant is likely to cause confusion, mistake, or deception. Consumers are likely to mistakenly believe that the services Defendant offers under the ROYALNOTE mark are sponsored, endorsed, or approved by Firepower, or are in some other way affiliated, connected, or associated with Firepower, all to the detriment of Firepower.

25. Without Firepower's permission, authorization, approval or consent, and with actual or constructive knowledge of Firepower's prior rights, Defendant commenced use of the confusingly similar ROYALNOTE service mark in connection with the promotion of the goods and services of others.

26. Despite objection by Firepower, Defendant continues to use the confusingly similar ROYALNOTE service mark.

COMPLAINT

27. Upon information and belief, Defendant had actual knowledge of Firepower's use of the ROYALTY REWARDS® mark in commerce prior to its selection and adoption of the ROYALNOTE mark.

28. Upon information and belief, Defendant intentionally adopted the confusingly similar ROYALNOTE mark and the crown design in order to trade off the goodwill Firepower has created in its ROYAL REWARDS®, ROYALTY REWARDS MAGIC WAND®, and ROYALTY REWARDS & Design® marks.

## COUNT I
Trademark Infringement of a Registered Mark
Lanham Act § 32, 15 U.S.C. § 1114

29. Firepower restates and incorporates by reference the allegations in Paragraphs 1-29.

30. Defendant's unauthorized use of the ROYALNOTE mark in connection with a customer loyalty program is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of Defendant with Firepower as to the origin, sponsorship, or approval of Defendant's services by Firepower. This unauthorized use of the ROYALNOTE mark constitutes trademark infringement under 15 U.S.C. § 1114.

31. Defendant's actions constitute willful, deliberate, and intentional trademark infringement in violation of Lanham Act § 35, 15 U.S.C. § 1117.

32. Defendant's unlawful actions have caused, and will continue to cause, Firepower irreparable harm unless enjoined.

33. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Firepower. Defendant's unlawful actions have caused Firepower monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT II
Federal Unfair Competition
Lanham Act § 43(a), 15 U.S.C. § 1125(a)

34. Firepower restates and incorporates by reference the allegations in Paragraphs 1-34.

35. Defendant's unauthorized use of the ROYALNOTE mark in connection with a customer loyalty program is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

36. Defendant's unauthorized use of the ROYALNOTE mark in connection with a line of a customer loyalty program is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Firepower, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Firepower.

37. Defendant's unlawful actions have caused, and will continue to cause, Firepower irreparable harm unless enjoined.

38. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Firepower. Defendant's unlawful actions have cause Firepower monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT III
Common Law Trademark Infringement

39. Firepower restates and incorporates by reference the allegations in Paragraphs 1-39.

40. Defendant's use as aforesaid of the ROYALNOTE mark is likely to cause confusion, mistake or deception. Consumers are likely to mistakenly and confusingly believe that the services offered with the ROYALNOTE mark are sponsored, endorsed or approved by Firepower, or are in some other way affiliated, connected or associated with Firepower.

## COUNT IV
Unfair Business Practice and Competition Under Cal.
Bus. & Prof. Code § 17200, *et seq.*

41. Firepower restates and incorporates by reference the allegations in Paragraphs 1-41.

42. Defendant's unauthorized and infringing use of the ROYALNOTE mark in connection with the promotion of goods and services of others constitutes unfair competition under Cal. Bus. & Prof. Code § 17200.

43. Defendant's unlawful actions have caused, and will continue to cause, Firepower irreparable harm unless enjoined. Thus, Firepower is entitled to injunctive relief ordering Defendant to cease its unfair competition pursuant to Cal. Bus. & Prof. Code § 17203.

## CONCLUSION

WHEREFORE, Firepower prays and respectfully asks the Court to enter judgment as follows:

1. Refusing registration of the ROYALNOTE mark with the USPTO, which is the subject of United States Trademark Application Serial No. 85/709,443 pursuant to Lanham Act §§ 21(b)(1), 37 15 U.S.C. §§ 1119, 1071(b)(1).

2. Permanently enjoining and restraining Defendant from seeking the registration of the ROYALNOTE mark, or any confusingly similar designation, in the United States for the promotion of goods and services of others or any goods or services related thereto.

3. Permanently enjoining and restraining Defendant, its subsidiaries, affiliates, sister companies, franchisees, licensees, directors, shareholders, officers, agents, servants, employees, attorneys, and all others in active concert or participation with Defendant from:

    A. Using the mark ROYALNOTE, or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name, component, or otherwise to market, advertise, or identify services for the promotion of goods and services of others or any goods and services related thereto;

    B. Unfairly competing with Firepower in any manner whatsoever;

    C. Committing any other act that infringes Firepower's ROYALTY REWARDS® mark or constitutes an act of trademark or service mark infringement, contributory

COMPLAINT

infringement, trademark dilution, or unfair competition under federal common law or California state law.

4. Requiring Defendant to deliver up, or cause to be delivered up, for destruction all labels, signs, prints, packages, wrappers, cards, receptacles, advertisements, and all other materials in Defendant's possession or control that infringe Firepower's ROYALTY REWARDS® mark;

5. Pursuant to 15 U.S.C. § 1117, an order compelling Defendant to account to Firepower for all profits derived by it from the unlawful acts set forth herein; and

6. Granting such other and further relief as the Court deems just and equitable.

Dated: September 2, 2015

LARSON ♦ KING, LLP
ROBINSON & WOOD, INC.

By: _____
PETER J. GLEEKEL
DONALD P. GAGLIARDI
Attorneys for Plaintiff
FIREPOWER MARKETING, INC. dba
ROYALTY REWARDS

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

COMPLAINT